**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| MAGPUL INDUSTRIES, CORP., <br><br> Plaintiff, <br><br> v. <br><br> GIBBENS ENGINEERING GROUP, LLC *a/k/a* GIBBZ ARMS, <br><br> Defendant. | Civil Action No. 1:16-CV-00270 <br><br> JURY TRIAL REQUESTED |

**COMPLAINT FOR PATENT INFRINGEMENT**

**PARTIES**

1. Plaintiff Magpul Industries, Corp. ("Plaintiff" or "Magpul") is a Delaware corporation with its headquarters in Austin, Texas. Plaintiff's business consists primarily of the design, manufacture, and sale of products that are used as accessories to firearms.

2. Upon information and belief, Defendant Gibbens Engineering Group, LLC *a/k/a* Gibbz Arms ("Defendant" or "Gibbz") is an Arizona limited liability company with a place of business at 1660 N. Rosemount Ste. 105, Mesa, Arizona 85205. Defendant operates under the Arizona registered trade name Gibbz Arms.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction of this action under 28 U.S.C. §1331 and §1338(a) in that it arises under the United States Patent Laws.

4. Defendant is subject to this Court's specific personal jurisdiction because Defendant conducts business in this Judicial District, has committed the acts complained of in this Judicial District, and has caused injury to Plaintiff within this Judicial District by virtue of the acts of

patent infringement that are described herein.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391and 1400(b). Defendant is transacting, doing, and/or soliciting business and committing acts of patent infringement in this Judicial District and elsewhere in the United States.

## ACCUSED PRODUCTS

6. Defendant's infringing products include, but are not necessarily limited to, the 4-, 5-, 6-, and 10-Slot Accessory Rail (collectively the "Accused Rails").[1]

7. Defendant's infringing products include, but are not necessarily limited to, the Ultra Lite Free Float Hand Guard – 10.25", 11.375", 13.375", and 15.5", the Lite Free Float Hand Guard – 7.125", 9.25", 10.25", 11.375", 13.375", and 15.5", and the Standard Free Float Hand Guard – 9.25", 10.25", 11.375", 13.375", and 15.5" (collectively the "Accused Handguards").[2]

8. The Accused Products are comprised of Accused Rails and the Accused Handguards.

9. The Accused Rails have at least one through hole.

10. The Accused Rails have an elongated fastener with a threaded region and a flanged end, and which can removably engage in the through hole.

11. The Accused Rails have a second fastener with a least a pair of straight edges.

12. One of the straight edges of the second fastener limits the second fasteners' rotation to approximately a quarter turn.

13. The second fastener of the Accused Rails is mated to the threaded region of the elongated fastener.

14. The Accused Rails have a plurality of slot protrusions shaped to at least partially pass

---

[1] *See, e.g.*, Gibbz Arms, Products, Small Parts https://gibbzarms.com/product-category/small-parts/ (last visited Mar. 1, 2016).

[2] *See, e.g.*, Gibbz Arms, Products, Hand Guards https://gibbzarms.com/product-category/g4-hand-guards/ (last visited Mar. 1, 2016).

through an elongated slot in the firearm.

15. The Accused Handguards provide multiple elongated slots in the wall of the firearm.

16. The Accused Rails are inserted into the Accused Handguards by orientating the second fastener's longitudinal axis parallel to the elongated slot's longitudinal axis and then passing the second fastener through the elongated slot.

17. The Accused Rails are held onto the Accused Handguards by rotating the elongated fastener, which in turn rotates the second fastener about a quarter turn, such that the longitudinal axis of the second fastener is oblique relative to the longitudinal axis of the elongated slot and cannot rotate further, then continuing the elongated fastener's rotation to tighten the accessory rail.

## FIRST CLAIM FOR RELIEF

**(Infringement of the '236 Patent)**

18. Plaintiff incorporates by reference and realleges each of the allegations set forth in the preceding paragraphs above.

19. On January 6, 2015, U.S. Patent No. 8,925,236 B1 (the '236 Patent), entitled Firearm Accessory Mounting Interface, was issued for an improved firearm accessory mounting interface.

20. The '236 Patent describes and claims a firearm accessory mounting interface comprised of three main parts: a first elongated fastener (*e.g.*, a screw), a second fastener (*e.g.*, a nut), and an elongated slot.

21. Plaintiff has owned the '236 Patent throughout the period of Defendant's infringing acts and still owns this patent.

22. On or before October 19, 2015, Plaintiff provided Defendant with actual notice of the

'236 Patent and its infringement of same.

23. Since October 19, 2015, if not earlier, Defendant's patent infringement has been committed willfully and with full knowledge of the '236 Patent.

24. Paragraphs 9 to 17 identify elements found in the Accused Products that establish infringement of at least claim 13 of the '236 Patent.

25. Defendant has willfully infringed and is still infringing at least claim 13 of the '236 Patent by making, selling, and using the firearm accessory mounting interface that embodies the patented invention, and Defendant will continue to do so unless enjoined by this Court.

26. Defendant's Accused Rails and Accused Handguards infringe other claims of the '236 Patent, and Plaintiff will provide claim charts as necessary.

27. Plaintiff has complied with the statutory marking requirements of 35 U.S.C. § 271.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '209 Patent)

28. Plaintiff incorporates by reference and realleges each of the allegations set forth in the preceding paragraphs above.

29. On January 19, 2016, U.S. Patent No. 9,239,209 B2 (the '209 Patent), entitled Firearm Accessory Mounting Interface, was issued for an improved firearm accessory mounting interface.

30. The '209 Patent describes and claims a firearm accessory mounting interface comprised of three main parts: a first elongated fastener (*e.g.*, a screw), a second fastener (*e.g.*, a nut), and an elongated slot.

31. Plaintiff has owned the '209 Patent throughout the period of Defendant's infringing acts and still owns this patent.

32. Paragraphs 9 to 17 identify elements found in the Accused Products that establish infringement of at least claim 11 of the '209 Patent.

33. Defendant has infringed and is still infringing at least claim 11 of the '209 Patent by making, selling, and using the firearm accessory mounting interface that embodies the patented invention, and Defendant will continue to do so unless enjoined by this Court.

34. Defendant's Accused Rails and Accused Handguards infringe other claims of the '209 Patent, and Plaintiff will provide claim charts as necessary.

35. Plaintiff has complied with the statutory marking requirements of 35 U.S.C. § 271.

### THIRD CLAIM FOR RELIEF

**(Infringement of the '210 Patent)**

36. Plaintiff incorporates by reference and realleges each of the allegations set forth in the preceding paragraphs above.

37. On January 19, 2016, U.S. Patent No. 9,239,210 B2 (the '210 Patent), entitled Firearm Accessory Mounting Interface, was issued for an improved firearm accessory mounting interface.

38. The '210 Patent describes and claims a firearm accessory mounting interface comprised of three main parts: a first elongated fastener (*e.g.*, a screw), a second fastener (*e.g.*, a nut), and an elongated slot.

39. Plaintiff has owned the '210 Patent throughout the period of Defendant's infringing acts and still owns this patent.

40. Paragraphs 9 to 17 identify elements found in the Accused Products that establish infringement of at least claim 1 of the '210 Patent.

41. Defendant has infringed and is still infringing at least claim 1 of the '210 Patent by

making, selling, and using the firearm accessory mounting interface that embodies the patented invention, and Defendant will continue to do so unless enjoined by this Court.

42. Defendant's Accused Rails and Accused Handguards infringe other claims of the '210 Patent, and Plaintiff will provide claim charts as necessary.

43. Plaintiff has complied with the statutory marking requirements of 35 U.S.C. § 271.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Magpul demands a trial by jury of any and all issues on which a trial by jury is available under applicable law.

## REQUEST FOR RELIEF

Therefore, Plaintiff requests for judgment:

1. That Defendant has infringed the '236, '209, and '210 Patents;

2. That Defendant has knowingly and willfully infringed the '236 Patent;

3. That Plaintiff be awarded damages for patent infringement according to proof and ordering that such damages be multiplied up to treble their amount;

4. Preliminarily and permanently enjoining Defendant and all others acting in concert with Defendant from making, using, selling, or offering to sell the infringing firearm accessory mounting interface or any other product that infringes the '236, '209, and '210 Patents without permission or license from Plaintiff;

5. That Defendant be ordered to deliver up to Plaintiff all products infringing the '236, '209, and '210 Patents within its ownership, possession, or control for destruction by Plaintiff;

6. That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285, and award reasonable attorney's fees;

7. That Plaintiff be awarded its costs of suit, and pre- and post-judgment interest on any

money judgment;

8. For such other relief as the Court deems proper.

Dated:  March 4, 2016

                Respectfully submitted,

                By: /s/ *Brian E. Mitchell*
                     Brian E. Mitchell

Brian E. Mitchell (CA SBN: 190095)
Marcel F. De Armas (CA SBN: 289282)
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:   (415) 766-3515
Facsimile:    (415) 402-0058
Email:          brian.mitchell@mcolawoffices.com
                mdearmas@mcolawoffices.com

*Pro Hace Vice Motions to Be Filed*
*Simultaneously with Complaint*

Bill Cobb (SBN: 00796372)
Cobb & Counsel
401 Congress Ave., Suite 1540
Austin, TX 78701
Telephone:   (512) 693-7570
Facsimile:    (512) 687-3432
Email:          bill@cobbxcounsel.com

Attorneys for Plaintiff
MAGPUL INDUSTRIES, CORP.

7